IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS SMITH and JUSTIN ARABO, | |
| Plaintiffs, | No. 19 CV 4098 |
| v. | Jeffrey T. Gilbert |
| WE'LL CLEAN, INC., WE'LL CLEAN IT, INC., DAVID LAUNIUS, AVALON VENTURES CHICAGO, LLC, TODD STERN, and ADAM STEINBERG, | Magistrate Judge |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the threshold issue of whether it was properly removed to federal court under 28 U.S.C. § 1441(a). Because Section 1441(a) does not permit removal solely based on a federal question crossclaim or by a crossclaim defendant when the action originally filed in state court could not have been filed in federal court, removal was improper. This case is hereby dismissed without prejudice for lack of subject-matter jurisdiction and remanded to the Circuit Court of Cook County, Illinois for further proceedings consistent with this Memorandum Opinion and Order.

**I.  Background**

On October 14, 2018, Plaintiffs Douglass Smith and Justin Arabo ("Plaintiffs") filed their original complaint in the Circuit Court of Cook County, Illinois. [ECF No. 1-1]. Plaintiffs' original complaint comprised only state court claims and generally alleged that Defendants David Launius, We'll Clean, Inc., and We'll Clean It, Inc. ("Launius Defendants"), who owned and operated a car wash in the city of Chicago, breached the terms of three promissory notes and failed to repay

hundreds of thousands of dollars in loans from Plaintiffs. [ECF No. 1-1] at 2-6. As part of a scheme to defraud Plaintiffs, the Launius Defendants are alleged to have transferred the assets of the car wash to Defendants Avalon Ventures Chicago, LLC, Todd Stern, and Adam Steinberg ("Avalon Defendants") so as to avoid repayment on their outstanding loan obligations. [ECF No. 1-1] at 6-13. Plaintiffs assert that the Avalon Defendants are liable for any money due under the three promissory notes, originally signed by the Launius Defendants, as a result of the allegedly fraudulent transfer. [ECF No. 1-1] at 6-13.

On May 31, 2019, the Launius Defendants filed a "counterclaim"[1] against the Avalon Defendants that included several claims under the Lanham Act (15 U.S.C. § 1125(a)). [ECF No. 1-2]. The Avalon Defendants then timely filed a Notice of Removal on June 19, 2019, asserting that federal question jurisdiction exists over the Lanham Act claims pursuant to 28 U.S.C. § 1331. The Avalon Defendants reasoned that removal of the case was proper under 28 U.S.C. § 1441(a) and that supplemental jurisdiction over all other state law claims existed under 28 U.S.C. § 1367(a). [ECF No. 1] at 2. The Launius Defendants did not consent to removal at the time, nor did they object. The case was then removed to federal court.

The parties consented to this Court's jurisdiction on November 8, 2019, pursuant to 28 U.S.C. § 636. [ECF No. 34]. The Court held an initial status hearing in this case on December 17, 2019, and *sua sponte* raised the issue of whether the case had been properly removed from state court and whether the Court had subject matter jurisdiction.[2] [ECF No. 39]. The parties

---

[1] The Launius Defendants titled their claims against the Avalon Defendants: "Verified Counterclaim Of Defendants/Counter-Plaintiffs." [ECF No. 1-2] at 1. To the extent it is relevant to the Court's removal analysis here, the claims the Launius Defendants assert therein are, in fact, crossclaims against a co-party, not counterclaims against an opposing party. FED.R.CIV.P. 13(a), (g).

[2] Subject matter jurisdiction may be raised at any time, including by the court. *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*); FED.R.CIV.P. 12(h)(3)

2

subsequently briefed the issue, wherein the Launius Defendants objected to removal for the first time. Plaintiffs argued neither for or against removal. Instead, they provided the Court with a survey of relevant authority and then stated their preference that the case suffer no further delays and "either the entire case remains in Federal Court or the entire case is remanded to State Court." [ECF No. 41] at 6.

II.  **Removal Pursuant to Section 1441(a)**

The general removal statute, 28 U.S.C. § 1441(a), provides that "any civil action" over which a federal court would have original jurisdiction may be removed to federal court by "the defendant or the defendants." The question now before the Court is whether a crossclaim defendant – that is, a defendant originally sued in state court by the plaintiff and against whom another original defendant has asserted a claim – may remove the crossclaim, as well as the entire case, to federal court. Because Section 1441(a) does not permit removal solely based on a federal question crossclaim or by a crossclaim defendant when the action originally filed in state court could not have been filed in federal court, removal is improper here as explained below.

The Court begins its analysis with the familiar proposition that "[f]ederal courts are courts of limited jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994)). District courts specifically possess only the jurisdiction authorized by Article III, § 2 of the Constitution and statute. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U. S. 546, 552 (2005) ("the district courts may not exercise jurisdiction absent a statutory basis"). As relevant here, in 28 U.S.C. § 1331, Congress granted federal courts jurisdiction over cases that "aris[e] under" federal law, also known as "federal question" jurisdiction.

---

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

3

"Federal-question jurisdiction affords parties a federal forum in which to vindicate federal rights." *Home Depot,* 139 S. Ct. at 1746. As a result, Congress provided a mechanism by which parties may vindicate these rights and remove cases originally filed in state court to federal court. 28 U.S.C. § 1441(a), the general removal statute, permits "the defendant or the defendants" in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court. *Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 963, 968 (7th Cir. 2013). Specifically, Section 1441(a) provides:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a). In other words, a "case filed in state court may be removed to federal court only when the case originally could have been filed in federal court." *Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.,* 707 F.3d 883, 890 (7th Cir. 2013).

The party seeking removal bears the burden of establishing federal jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 758 (7th Cir. 2009); *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir. 2004). The Seventh Circuit has cautioned that courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (internal quotation marks and citations omitted). Indeed, "the limits Congress has imposed on removal show that it did not intend to allow all defendants an unqualified right to remove." *Home Depot,* 139 S. Ct. at 1749.

In *Home Depot U. S. A., Inc. v. Jackson*, the Supreme Court recently addressed whether a third-party counterclaim defendant – a party brought into the suit for the first time by a counterclaim – may remove the counterclaim filed against it under 28 U.S.C. § 1441(a). 139 S. Ct. 1743. The Supreme Court concluded that it could not, explaining that a third-party counterclaim defendant is not a "defendant" as contemplated by the statutory text and context of Section 1441(a). *Id.* at 1748-50. Although a counterclaim defendant may be a defendant to a "claim," it must be the defendant to a "civil action" over which a district court has original jurisdiction in order to remove the case under Section 1441(a). *Id.* The Avalon Defendants removed the case based solely on Section 1441(a). They say they have the authority to remove the case because they are an "original defendant" to the civil action, and argue that their alignment as a defendant in the original complaint distinguishes them from "third-party counterclaim defendants" who would not have the authority to remove the case, as the Supreme Court made clear in *Home Depot v. Jackson*.

In reaching its decision, the Supreme Court engaged in a lengthy analysis of who may be defined as "the defendant or the defendants" to a civil action such that the party has removal authority under Section 1441(a). From this analysis, the Avalon Defendants extrapolate that removal authority under Section 1441(a) exclusively depends on whether a party was an "original defendant" named in the plaintiff's original complaint. As long as a party was an "original defendant" in the lawsuit, the Avalon Defendants reason, it becomes imbued with the authority to remove future crossclaims asserted by or against it because it was originally aligned as a defendant in the plaintiff's original complaint. The Avalon Defendants interpret the Supreme Court's opinion as foreclosing only a "third-party defendant," who does not carry the mantle of "a defendant" originally named in a "civil action," from removing a case under Section 1441(a).

Whether a party was originally named as a defendant to the civil action, however, has no bearing on that party's ability to remove a crossclaim separately asserted by a co-party later in the litigation. Any argument to the contrary grasps only two-thirds of the requirements needed to remove a case under Section 1441(a). First, a party must be a "defendant." Second, that party must be a defendant to a "civil action." And third, that "civil action" must be an action over which a federal court would have had subject matter jurisdiction. Here, the Avalon Defendants are certainly a "defendant" to the "civil action" originally brought by Plaintiffs in state court. But it must be that *civil action* over which the Court would have had original jurisdiction. A counterclaim or crossclaim later asserted is not a "civil action." *Home Depot,* 139 S. Ct. at 1748 ("Home Depot emphasizes that it is a 'defendant' to a 'claim,' but the statute refers to 'civil action[s],' not 'claims.'"). Removal under Section 1441(a) is, and always has been, a matter of whether the civil action filed by plaintiff could have been filed in federal court because it raises claims arising under federal law. *Home Depot,* 139 S. Ct. at 1748. "Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.* Of course, a party must be properly aligned in the civil action in order to exercise its ability to remove under Section 1441, but the substantive nature of the civil action itself, not that of a counterclaim or crossclaim, is the heart of the issue. As the Supreme Court has repeatedly admonished, "a counterclaim…cannot serve as the basis for 'arising under' jurisdiction." *Id.* (citing *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U. S. 826, 831 (2002)). Nor does filing a crossclaim create a new "civil action" with a new "plaintiff" (the Launius Defendants) and a new "defendant" (the Avalon Defendants) such that the Avalon Defendants could remove that "action" to federal court from state court.

Remand to state court is not only consistent with the statutory text of Section 1441(a), as described above, but also the spirit and precedent of the well-pleaded complaint rule. Plaintiffs are the master of the complaint" here and are allowed to forego claims based on federal law, if any, to have their case heard in their preferred forum, the Circuit Court of Cook County.[3] *Holmes Group, Inc.*, 535 U. S. at 831–832 (citing *Caterpillar Inc. v. Williams*, 482 U. S. 386, 398-99 (1987)). Nor may a defendant create removal by his own actions, either by raising an artfully crafted counterclaim or by removing a crossclaim to which the plaintiff is not even a party and therefore has no say. Enabling the Launius Defendants' to create federal question jurisdiction by filing a cross-claim against a co-defendant therefore essentially denies Plaintiffs their choice of state court forum, especially where Plaintiffs are not parties to the crossclaim asserted by the Launius Defendants but are being asked to litigate their case in a federal forum as a result of it. To hold otherwise would transform the "well-pleaded-complaint rule" into the "well-pleaded-complaint-or-crossclaim rule," which is not something the Court is willing to do in view of the decades of precedent to the contrary.

The Seventh Circuit also has provided some guidance on this issue. In *Adkins v. Illinois Cent. R. Co.*, the court addressed whether federal jurisdiction arises when an original defendant files a third-party complaint against a federal entity. 326 F.3d 828 (7th Cir. 2003). Although the claim would have conferred federal jurisdiction had it been filed as a separate lawsuit, the Seventh Circuit concluded that a third-party complaint does not affect a court's subject matter jurisdiction over the original complaint. *Id*. The court further emphasized that where "the plaintiff's well-pleaded complaint is not based on a federal question, there is no § 1331 jurisdiction." *Id*. (citing

---

[3] This is true notwithstanding Plaintiffs' position on the jurisdictional issue currently before the Court, which is that they prefer only the forum with the least delay.

7

*Holmes Group, Inc.*, 535 U.S. at 829-32). Although addressing different facts than those presented here, the Seventh Circuit's suggestion that any complaint aside from the plaintiff's original complaint cannot serve as the basis for federal jurisdiction under Section 1331 is instructive.

Other courts that have considered removal with similarly situated defendants, plaintiffs, and crossclaims are in accord. *Howard & Assocs., Attorneys-at-Law, P.A. v. Lieff Cabraser Heimann & Bernstein, LLP,* 2016 WL 7232566, at *7 (M.D. Fla. 2016); *Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1034-35, 1049-52 (D.N.M. 2011) (cross-defendants may not remove under Section 1441(a)); *Palmer v. Univ. of Med. and Dentistry of N.J.*, 605 F.Supp.2d 624, 632–33 (D.N.J. 2009) (applying the well-pleaded complaint rule and finding that a federal cross-claim asserting a constitutional violation did not confer subject matter jurisdiction under 28 U.S.C. § 1331); *Mortgage Elec. Registration Sys., Inc. v. Rothman*, 2005 WL 497794, at *5 (N.D. Ill. 2005) (noting that it has "been held that a cross-defendant/defendant may not remove the case based on a cross-claim brought against it by a cross-plaintiff/defendant"); *Redevelopment Agency of San Bernardino v. Alvarez,* 288 F.Supp.2d 1112, 1115 (C.D. Cal. 2003) ("For both removal and original jurisdiction, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal. Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question."); *Saeilo Mach. (USA), Inc. v. Hirdes Freight, Ltd.*, 2000 WL 1205338, at *2 (C.D. Cal. 2000) (a crossclaim by a co-defendant may not serve as the basis for removal); *Cross v. Kaiser Foundation Hospitals*, 1998 WL 737998, at *1 (N.D. Cal. 1998) ("cross-defendants and third-party defendants are not allowed to remove"). The Court is thus in good company in holding here that the Avalon Defendants, in their capacity as crossclaim defendants, may not remove this case pursuant to Section 1441(a) based solely on the federal question crossclaim asserted against them by the Launius Defendants.

8

### III. Consent to the Removal of the Action by "All Defendants"

By predicating their removal argument on their status as "original defendants," the Avalon Defendants have also sealed their own fate in being remanded to state court. Section 1446(b)(2)(A) states that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). A defendant, therefore, cannot remove a case unilaterally. All properly joined and served defendants must join or consent in the removal notice or explain affirmatively the absence of any co-defendants in the notice for removal. *See, e.g., McGuire v. Scheels All Sports, Inc.*, 2010 WL 11606512, at *2 (D. Mont. 2010).

The Avalon Defendants' attempt to remove this case therefore fails because the Launius Defendants, as original defendants in Plaintiffs' state court lawsuit, did not consent to removal. "In a case with multiple defendants, there must be unanimous consent to removal; any one defendant may spoil removal and keep the case in state court." *McDaniel v. Loya,* 304 F.R.D. 617, 623-24 (D.N.M. 2015). By the Avalon Defendants' own reasoning, which recognizes that they and the Launius Defendants were original defendants to Plaintiffs' state court lawsuit, the Avalon Defendants' unilateral attempt to remove this case to federal court therefore also fails because all original defendants in the state court lawsuit did not consent to removal.

### IV. Costs and Fees Associated with Removal and Remand

Notwithstanding the fact that they failed to object to the removal until the Court raised the issue *sua sponte,* the Launius Defendants assert that the lack of any basis for removal was so "obvious from the face of both the original Complaint and Notice of Removal" that an award of fees and costs is warranted. [ECF No. 42] at 8. The Court disagrees. While fees are generally authorized for improper removal under 28 U.S.C. § 1447(c), they may be awarded against the

Avalon Defendants only if their decision to remove was objectively unreasonable. *See, e.g., Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Here, although the Court ultimately determined that the Avalon Defendants' arguments in support of removal are without merit, they were not objectively unreasonable in a difficult and developing area of federal jurisdictional law. Certainly, if the Launius Defendants actually believed the Avalon Defendants' Notice of Removal was as deficient as they now claim, they had over six months before the Court raised the issue *sua sponte* to bring that sentiment to the Court's attention. Their failure to do so cuts against their prayer for fees and costs now. Therefore, the Court, in its discretion, declines to award fees or costs pursuant to Section 1447.

### V. Conclusion

Because Section 1441(a) does not permit removal by a crossclaim defendant solely on the basis of a federal question crossclaim when the action originally filed in state court could not have been filed in federal court, this case is hereby dismissed without prejudice for lack of subject-matter jurisdiction and remanded to the Circuit Court of Cook County, Illinois for further proceedings consistent with this Memorandum Opinion and Order. The Clerk of the Court shall mail a certified copy of this order of remand to the Clerk of the Circuit Court of Cook County consistent with 28 U.S.C. § 1447(c).

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 6, 2020